1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIKA CHRISTINA ALFARO,

11            Plaintiff,                    No. CIV.S. 06-1809 GEB PAN (GGH) PS

12        vs.

13   U.S. BANK,                                        ORDER

14            Defendant.

15   _____/

16            Plaintiff, proceeding in pro se, has requested leave to proceed in forma pauperis

17   pursuant to 28 U.S.C. § 1915.  This matter was referred to this court pursuant to E. D. Cal. L. R.

18   72-302(c)(21).

19            Plaintiff has submitted an incomplete affidavit in support of her application to

20   proceed in forma pauperis.  She did not fully answer Questions No. 2b (she failed to state "the

21   amount of your take-home salary or wages and pay period and the name and address of your last

22   employer"); or No. 3 (although plaintiff state she receives money from "disability or workers

23   compensation payments" and "gifts or inheritances," she failed to describe "each source of

24   money and state the amount received and what you expect you will continue to receive").

25            Plaintiff's incomplete application fails fully to inform the court whether plaintiff

26   is unable to prepay fees and costs or give security for them, and therefore fails to meets the

1

1  requirements of 28 U.S.C. § 1915(a).

2          Accordingly, plaintiff's application is denied without prejudice.  Within thirty

3  days of service of this order, plaintiff may file a complete application for this court's further

4  consideration.

5          The determination whether plaintiff may proceed in forma pauperis does not

6  complete the present inquiry, as the court is unable to determine a jurisdictional basis for this

7  action.  "A party invoking the federal court's jurisdiction has the burden of proving the actual

8  existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.

9  1996).  Plaintiff has failed to meet this burden.

10         The complaint consists of two declarations which state in full, respectively:   "I

11  would like to know if I could transfer a U.S. Bank case #06SC02402 from Small Claims Court to

12  District Court," and "I submitted the wrong paperwork for a Civil Harrasment [sic] Restraining

13  Order.  I got case #06-CB-1783 mixed up with a U.S. Bank case #."

14         A federal court is a court of limited jurisdiction, and may adjudicate only those

15  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

16  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  Lack of subject matter jurisdiction may be

17  raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer

18  Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The basic federal jurisdiction statutes, 28

19  U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively,

20  while statutes regulating specific subject matter may also confer federal jurisdiction.  See

21  generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial

22  § 2:5.

23         The complaint makes no coherent reference to federal law or a federal right, and

24  does not  assert diversity jurisdiction.  The complaint must therefore be dismissed.[1]  However,

25

26         [1] Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the
allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

1  consistent with the court's liberal construction of pro se pleadings,[2] the court will grant leave to

2  file an amended complaint within thirty days of service of this order.

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's request for leave to proceed in forma pauperis is denied;

5          2.  Plaintiff's complaint is dismissed;

6          3.  Plaintiff is granted thirty days from the date of service of this order to file both

7  a complete application to proceed in forma pauperis and an amended complaint that establishes

8  this court's subject matter jurisdiction;  the amended complaint must bear the docket number

9  assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and

10  two copies of the amended complaint; and

11          4.  Failure to file either a complete informa pauperis application or an amended

12  complaint in accordance with this order will result in a recommendation this action be dismissed.

13          So ordered.

14  DATED: 8/17/06

                        /s/ Gregory G. Hollows

15

16                          GREGORY G. HOLLOWS
                        UNITED STATES MAGISTRATE JUDGE

17  NOW6:ALFARO.USBANK.ifp

18

19

20

---

21  which relief may be granted, or seeks monetary relief against an immune defendant.  Additional
general grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b));

22  lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief
may be granted (Rule 12(b)(6)).  The complaint must also comply with general rules of pleading,

23  as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2)
claims showing entitlement to relief, and (3) demand for relief.

24

25      [2]  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21,
92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

26  1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221,
1230 (9th Cir. 1984).